UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

WENDY HERBERTH,

    Plaintiff,

       v.

DELANOR KEMPER & ASSOCIATES,

    Defendant.

_____/

### PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

WENDY HERBERTH (Plaintiff), by attorneys, KROHN & MOSS, LTD., alleges the following against DELANOR KEMPER & ASSOCIATES, (Defendant):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Because Defendant conducts business in the state of Florida, personal jurisdiction is established.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

5. Plaintiff is a natural person who resides in Bonifay, Holmes County, Florida, and is allegedly obligated to pay a debt and is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

6. Pursuant to the definitions outlined in *15 U.S.C. 1692a (1-6)*, Defendant is a debt collector and sought to collect a consumer debt from Plaintiff which was allegedly due and owing from Plaintiff and Plaintiff is a consumer debtor.

7. Defendant is a national company with offices in Atlanta, Fulton County, Georgia.

8. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

9. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

10. On or about June 8, 2011 Defendant placed collection calls to Plaintiff seeking and demanding payment for an alleged debt.

11. Defendant told Plaintiff she had committed fraud for writing fraudulent checks and that Defendant was going to contact the Holmes County Sheriff's Department to report her.

12. Plaintiff ascertained from Defendant that the purpose of Defendant's call was to collect on an old "pay-day" loan.

13. Plaintiff asked if the amount due could be lowered and Defendant stated that $1,200.00 had to be paid otherwise they would contact the Sheriff and report Plaintiff.

14. Thereafter, fearing jail time, Plaintiff set up three future payments to be made through her bank to avoid the alleged reporting to the Sheriff that Defendant threatened.

15. On August 3, 2011 Plaintiff received another threatening call from Defendant's representative Mr. Taylor.

16. On that call, Defendant told Plaintiff that it was going to report non-payment according to the arrangement (as described in paragraph 14 above), and that the matter would be reported to Holmes County as a "bad check" and that it would file with their attorney.

17. Plaintiff was instructed that she could return the call at 678-500-8456; when Plaintiff informed Defendant that she would return the call Defendant stated "good luck".

18. Defendant failed to send written verification regarding the alleged debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

19. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress and abuse Plaintiff;

    b. Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that could not legally be taken or that was not intended to be taken by threatening to contact the Holmes County Sheriff's Department to report Plaintiff;

    c. Defendant violated *§1692e(10)* of the FDCPA by engaging in false representation or deceptive means to collect or attempt to collect any debt by threatening and/or implying that Defendant committed a crime and faced jail time for failure to pay the

alleged debt; and

d. Defendant violated *§1692g(a)(1-5)* by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

WHEREFORE, Plaintiff, WENDY HERBERTH, respectfully requests judgment be entered against Defendant, DELANOR KEMPER & ASSOCIATES, for the following:

20. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

21. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

22. Any other relief that this Honorable Court deems appropriate.

                               RESPECTFULLY SUBMITTED,

                    By:   /s/Shireen Hormozdi
                         Shireen Hormozdi
                         Krohn & Moss, Ltd
                         10474 Santa Monica Blvd., Suite 401
                         Los Angeles, CA 90025
                         Phone:  (323) 988-2400 x 267
                         Fax:     (866) 385-1408
                         shormozdi@consumerlawcenter.com
                         Attorney for Plaintiff
                         FBN: 0882461

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, WENDY HERBERTH, hereby demands trial by jury in this action.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA

    Plaintiff, WENDY HERBERTH, states the following:
1. I am the Plaintiff in this civil proceeding
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint
5. I have filed this Complaint in good faith and solely for the purposes set forth in it
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

    Pursuant to 28 U.S.C. § 1746(2), I, WENDY HERBERTH, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

_August 3, 2011_  
Date

_[signature]_  
WENDY HERBERTH