UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

WENDY HERBERTH,

    Plaintiff,

vs.                                    CASE NO. 5:11-cv-306/RS-CJK

DELANOR KEMPER & ASSOCIATES,

    Defendant.
_____/

## MOTION FOR DEFAULT JUDGMENT

NOW COMES Plaintiff, WENDY HERBERTH ("Plaintiff"), by and through her attorney, KROHN & MOSS, LTD., and hereby applies for a default judgment against Defendant, DELANOR KEMPER & ASSOCIATES ("Defendant"). The Clerk of the Court has entered an order on Plaintiffs' Application [Doc. 22], leaving this Honorable Court to grant Plaintiffs' Application.

Plaintiff seeks default against Defendant in the amount of six thousand eight hundred and eighty dollars ($6,880), representing statutory damages in the amount of one thousand dollars ($1,000.00), 15 U.S.C. § 1692(k)(a)(2)(A), five thousand four hundred and eighty dollars ($5,480.00) in attorneys fees plus four hundred dollars ($400.00) in costs. 15 U.S.C. § 1692(k)(a)(3) *See* Statement of Services attached as Exhibit A, Shireen Hormozdi's Declaration attached as Exhibit B, and Jessica Pascale's declaration attached as Exhibit C.

///

///

Dated: June 12, 2012                    RESPECTFULLY SUBMITTED,


                                        By: /s/ Shireen Hormozdi
                                            Shireen Hormozdi
                                            Krohn & Moss, Ltd
                                            10474 Santa Monica Blvd., Suite 401
                                            Los Angeles, CA 90025
                                            Phone: (323) 988-2400 ext. 267
                                            Fax:   (866) 802-0021
                                            Attorney for Plaintiff
                                            FBN: 0882461

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

**I.    BACKGROUND**

Plaintiff filed a One-Count Complaint against Defendant on September 13, 2011. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA). [Doc. 1]. In her Complaint, Plaintiff alleges: (1) Defendant accused Plaintiff of committing fraud by writing fraudulent checks and stated that it would contact the Holmes County Sheriff's Department, (2) Defendant told Plaintiff that she had to pay $1,200 to avoid being reported to the sheriff's department, and (3) Defendant failed to send written verification of Plaintiff's alleged debt. [Doc. 1 – Complaint at ¶¶ 11, 13, and 18].

Pursuant to Federal Rule of Civil Procedure (FRCP) 55(a), on May 8, 2012, Deputy Clerk, Jeremy Wright, entered an order defaulting Defendant for Defendant's failure to respond to Plaintiff's Complaint. [Doc. 21]. Now, pursuant to FRCP 55(b)(2), Plaintiff respectfully requests this Honorable Court to enter default judgment against Defendant, the defaulted party.

Plaintiff states the following: (1) On May 8, 2012, Deputy Clerk, Jeremy Wright, entered an order defaulting Defendant for Defendant's failure to respond to Plaintiff's Complaint; (2) The defaulting party is not an infant or an incompetent person; (3) The Servicemembers Civil Relief Act (50 App. U.S.C. §521) does not apply; and (4) Notice has been served on Defendant, the defaulting party, by means specified in the attached Proof of Service.

Accordingly, Plaintiff seeks default judgment against Defendant in the amount of $6,880.00, itemized as follows: $1,000.00 in statutory damages to Plaintiff pursuant to the FDCPA, 15 U.S.C. 1692k(a)(2)A); $5,480.00 in attorneys' fees; and $400.00 in filing and service fees.

Plaintiff now addresses the following factors outlined in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). As discussed below, the *Eitel* factors support granting default judgment against Defendant in the amount of $7,075.00.

## II.  PLAINTIFF'S COMPLAINT STATES A STRONG CLAIM FOR RELIEF

The first two *Eitel* factors require Plaintiff's Complaint to sufficiently state a claim for relief. *PepsiCo, Inc. v. Cal Sec. Cans,* 238 F. Supp.2d 1172, 1175 (C.D. Cal. 2002). Once the clerk enters default, Plaintiff's factual allegations are taken as true. *Televideo Sys., Inc. v. Heidenthal,* 826 F.2d 915, 917-918 (9th Cir. 1987).

Here, Plaintiff alleges the following in her Complaint: (1) Defendant accused Plaintiff of committing fraud by writing fraudulent checks and stated that it would contact the Holmes County Sheriff's Department, (2) Defendant told Plaintiff that she had to pay $1,200 to avoid being reported to the sheriff's department, and (3) Defendant failed to send written verification of Plaintiff's alleged debt. Therefore, Plaintiff's allegations sufficiently prove Defendant violated the FDCPA.

## III.  PLAINTIFF'S REQUEST FOR MONETARY JUDGMENT IS REASONABLE

Plaintiff seeks default judgment against Defendant in the amount of $6,880.00, itemized as follows: $1,000.00 in statutory damages to Plaintiff pursuant to the FDCPA,

15 U.S.C. 1692k(a)(2)(A); $5,480.00 in attorneys' fees; and $400.00 in filing and service fees.

### A. PLAINTIFF'S REQUEST FOR STATUTORY DAMAGES IS REASONABLE

The FDCPA allows "in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00" 15 U.S.C. § 1692k(2)(A). Therefore, an award of $1,000.00 to Plaintiff in this case is permissible and appropriate based on the factual allegations in Plaintiff's Complaint.

### B. PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES AND COSTS IS REASONABLE

Plaintiff requests $5,480.00 in attorneys' fees. Pursuant to the Local Rule 54.1, Plaintiff requests attorneys' fees and requests this Honorable Court to determine Plaintiff's attorneys' fees. Plaintiff is entitled to attorneys' fees in the amount of $5,480.00, based on the reasons set forth below.

#### 1. PLAINTIFF IS ENTITLED TO COSTS AND ATTORNEY'S FEES PURSUANT TO THE FDCPA.

The specific statutory language of the FDCPA, and the public policy considerations in support of this Act, entitle Plaintiff to recover attorneys' fees and costs beyond the Local Rule 55-3 schedule.

> [A]ny debt collector who fails to comply with any provision of this subchapter with respect to any person is liable . . . in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

15 U.S.C. §1692k(a).

3

Pursuant to this specific language, the federal courts have long recognized the importance of the fee-shifting provision of the FDCPA, as well as the public policies behind it. In *Tolentino v. Friedman*, (7th Cir. 1995) the court affirmed that a separate award for costs and fees is mandatory.

> Given the structure of the section, attorneys' fees should not be construed as a special or discretionary remedy; rather, the act mandates an award of attorneys' fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general. *Tolentino v. Friedman*, 46 F.3d 645, 651-652 (7th Cir.1995).

Plaintiff's entitlement to his reasonable fees and costs has been reaffirmed by the Ninth Circuit Court of Appeals as recently as April 2008, where the Court once again ordered that the determination of fees and costs is mandatory by the district courts. "The FDCPA's statutory language makes an award of fees mandatory. The reason for mandatory fees is that Congress chose a 'private attorney general' approach to assume enforcement of the FDCPA." *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008); *see also Graziano v. Harrison*, 950 F.2d 107 (3d Cir.1991) (noting that the FDCPA mandates an award of attorneys' fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general).

The *Tolentino* Court also noted Congress's specific intent to allow an individual plaintiff the ability to pursue an action where the burden of fees and costs would otherwise economically preclude this type of rights enforcement. *Tolentino* at 652 *citing City of Riverside v. Rivera*, 477 U.S. 561 (1986)). "Unlike most private tort litigants, a plaintiff who brings an FDCPA action seeks to vindicate important rights that cannot be

4

valued solely in monetary terms and congress has determined that the public as a whole has an interest in the vindication of the statutory rights." *Id.* The court held similarly in *Camacho* when it rejected the District Court's "flat-fee" approach, and in its remand for further findings directed that "[T]he amount of [attorneys' fees] must be determined on the facts of each case." *Camacho* at 978.[1]

The FDCPA mandates that the recovery of Plaintiff's attorneys' fees and costs is integral to the success of the policy goals of the FDCPA. Therefore, Plaintiff should be awarded reasonable attorneys' fees and costs as determined by this Honorable Court.

### 2. PLAINTIFF IS ENTITLED TO HER ATTORNEYS' FEES AND COSTS BECAUSE PLAINTIFF IS THE PREVAILING PARTY IN THIS ACTION.

"[I]n order to encourage private enforcement of the law . . . Congress legislated that in certain cases prevailing parties shall recover their attorneys' fees from the opposing side. When a statute provides for such fees, it is termed a 'fee-shifting' statute. The FDCPA is one such statute, providing that any debt collector who fails to comply with its provisions is liable in the case of any successful action ... [for] the costs of the action, together with a reasonable attorneys' fee as determined by the Court." *Camacho* at 978 *citing Staton v. Boeing Co.*, 327 F.3d 938 (9th Cir.2003) and 15 U.S.C. § 1692k(a)(3)).

---

[1] "The [District] Court concluded that "[w]here ... the attorneys seeking fees support their motion with materials that are substantially unchanged from those filed by them in numerous other cases ... it would be inappropriate to award fees on fees on an hourly basis," and instead, the court awarded a "flat award" of $500." *Camacho* at 976. However, the Ninth Circuit Court of Appeals rejected this approach and remanded for a case-by-case determination of attorneys' fees.

In support of this Congressional mandate, federal appellate courts have long upheld a plaintiff's recovery of attorneys' fees and costs after the entry of judgment in plaintiff's favor. *See*, e.g., *Webb v. James*, 147 F.3d 617 (7th Cir. 1998) (awarding attorneys' fees under the underlying statute after plaintiff accepted defendant's Federal Rule 68 Offer of Judgment) and *Nusom v. Comh Woodburn, Inc.*, 122 F.3d 830 (9th Cir. 1997) (same). For example, the United States Ninth Circuit Court of Appeals has expressly held that an enforceable private settlement agreement requiring a defendant to pay money to a plaintiff, where the district court retains jurisdiction to determine fees, entitles the plaintiff to statutory fees and costs as the prevailing party. *See Barrios v. California Interscholastic Federation*, 277 F.3d 1128 (9th Cir. 2002).

### 3. PUBLIC POLICY SUPPORTS AN AWARD OF ATTORNEYS' FEES AND COSTS.

"The FDCPA was enacted to eliminate abusive debt collection practices by debt collectors, to insure those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. Congress found such abuses by debt collectors to be serious and widespread." *Foti v. NCO Financial Systems, Inc.*, 424 F.Supp.2d 643, 653 (S.D.N.Y. 2006) *citing* 15 U.S.C. § 1692(e) and *Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2d Cir.1996).[2] The fee-shifting provision contained in the FDCPA, therefore, enables consumers to vindicate their personal rights, while benefitting

---

[2] Pursuant to the express intent of Congress in enacting the FDCPA, "It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

society in general, and thus, resulting in greater deterrence of fraudulent and deceptive business practices.

Further, the difficulty in private attorneys general actions, such as the FDCPA and similar state enacted statutes, is that the potential for recovery is not clear at the time the litigation is commenced, unlike, for example, in personal injury actions. *Bowers v. Transamerica Title Insurance Company*, 675 P.2d 193, 204 (Wash. 1983). Additionally, the amount in controversy is usually too small to induce an attorney to commence litigation on a contingency-fee agreement. Accordingly, "[T]he purpose of the statutory fee award is to benefit the plaintiff by allowing the plaintiff to obtain counsel in order to pursue redress for relatively small claims." *Majcher v. Laurel Motors, Inc.*, 287 Ill.App.3d 719, 680 N.E.2d 416 (Ill. Ct. App. 1997); *See also Ford Motor Co. v. Mayes*, 575 S.W.2d 480, 488 (Ky. Ct. App. 1978). By providing the private bar with an incentive to involve itself in consumer litigation through a fee-shifting provision, the government is relieved of the costs of protecting consumers while ensuring that consumers may still avail themselves of their statutory rights.

Without a sufficient award of attorneys' fees and costs, the statutory remedy would simply not make the consumer whole as the average consumer would simply be unable to pay his or her attorneys' fees and costs. This result would create a deterrent for the private bar to pursue an action for which Congress has so emphatically dictated the importance. This sort of "chilling effect" would counter the purpose of the statute, which, when coupled with the provision awarding attorneys' fees, "is to encourage consumers to file actions to vindicate their rights." *Grove v. Huffman*, 262 Ill. App.3d

7

531, 539, 634 N.E. 2d 1184, 1190 (Ill. Ct. App. 1994). The attorneys'-fees provision is in place to remove the difficulty of obtaining counsel in pursuing claims which are relatively small compared to potential legal costs. *Id.* at 539. As a result, public policy dictates that attorneys' fees should be paid by the Defendant.

    4.    **IN CONSUMER PROTECTION ACTIONS IT IS <u>NOT</u> APPROPRIATE TO ASSESS A FEE AWARD BASED UPON THE PROPORTIONALITY OF THE ATTORNEYS' FEES EXPENDED TO THE AMOUNT OF PLAINTIFF'S RECOVERY.**

Courts throughout the nation have recognized that in consumer actions, it is not appropriate to calculate an attorneys' fee award based upon the amount recovered by the plaintiff. The fact that the amount recovered by the plaintiff may be disproportionate to the amount of attorneys' fees sought does not make the fees expended unreasonable. As such, the fees awarded should not be reduced to maintain some ratio between the attorneys' fees and underlying compensatory damages. *See Bryant v. TRW*, 689 F.2d 72 (6th Cir. 1982); *Washington v. Philadelphia County Court of Common Pleas*, 89 F.3d 1031, 1041-42 (3d Cir. 1996); *Jones v. Credit Bureau of Greater Garden City*, 1989 WL 134945 (D. Kan. 1989); and *Northrup v. Hoffman of Simsbury, Inc.*, 2000 WL 436612 (D. Conn. 2000).[3]

---

[3] *See also Goins v. JBC & Associates, P.C.*, 2006 WL 540332, at *3 (D. Conn. Mar. 6, 2006) (FDCPA plaintiff's counsel awarded $23,421.00 in fees and $895.19 in costs where underlying matter was settled for $1,500.00); *Dechert ex rel. Estate of Oyler v. The Cadle Co.*, 2004 WL 2999112 (S.D. Ind. Nov. 10, 2004) (FDCPA plaintiff awarded $54,391 in fees on a $1,000.00 statutory recovery); *Gradisher v. Check Enforcement Unit*, 2003 WL 187416 (W.D. Mich. Jan. 22, 2003) (attorney's fees award of $69,872.00 where plaintiff recovered FDCPA statutory damages of $1,000.00); *Armstrong v. Rose Law Firm, P.A.*, 2002 WL 31050583 (D. Minn. Sept. 5, 2002) (attorney's fee award of $43,180.00 where plaintiff recovered the maximum FDCPA statutory damages of

8

5. **THE RATES SOUGHT BY PLAINTIFF'S ATTORNEYS ARE REASONABLE AND COMMENSURATE WITH THEIR EXPERIENCE IN THE FIELD OF CONSUMER PROTECTION.**

Plaintiff seeks an award of attorneys' fees in the amount of $5,480.00 and costs in the amount of $400.00, comprised of 24.4 hours of attorney and paralegal/clerk time at hourly rates ranging from $125.00 per hour to $250.00 per hour. (*See* Statement of Services attached as Exhibit A). Specifically, Plaintiff seeks to recover attorney's fees for Shireen Hormozdi at a rate of $250.00 per hour for 17.3 hours; attorney's fees for Jessica Pascale at a rate of $195.00 per hour for 4.0 hours; and fees for work by paralegals at $125.00 per hour for 3.2 hours. The hourly rates of Plaintiff's attorneys delineated in Plaintiff's Statement of Services are commensurate with the experience and training of each employee at K&M. These rates are also supported by the 2010-2011 Consumer Law Attorney Fee Survey and the United States Attorney's Office's "Laffey Matrix."

      i.   **The experience of the attorneys at K&M provide support for the hourly rates requested**

The experience of the attorneys that worked on behalf of Plaintiff is detailed in the declarations by K&M's attorneys. *See* Shireen Hormozdi's Declaration attached as Exhibit B and Jessica Pascale's Declaration attached as Exhibit C.

---

$1,000.00); *Minnick v. Dollar Financial Group, Inc.*, Civ. No. 02-1291, 2002 WL 1023101, 52 Fed. R. Serv.3d 1347 (E.D. Pa. May 20, 2002) (consumer-plaintiff in FDCPA action awarded $7,208.50 in fees and costs after accepting $2,000 offer of judgment); and *Norton v. Wilshire Credit Corp.*, 36 F.Supp. 2d 216 (D.N.J. 1999) (court awarded $57,000.00 in fees for $5,800.00 award to plaintiff in FDCPA action).

9

        ii.      **The rates sought by K&M are reasonable as evidenced by the 2010-2011 Consumer Law Attorney Fee Survey**

In 2010-2011, a survey was conducted of consumer advocates across the country to determine the rates charged by attorneys practicing in the area of consumer protection by an "attorney's years in practice, location of practice, and size of firm." *See* Exhibit D. The attached survey supports the billing rates requested as the average billing rate data in the survey, grouped by both region and years in practice, is consistent with those rates. For example, on page 38, the average billing rate for firms with fewer than 5 attorneys in Florida is $317 per hour and the 95% median was $450. *Id.* at page 38. This is more than the rates requested for Shireen Hormozdi and Jessica Pascale. As indicated on page 25 of Exhibit D, data collected for the Florida region arranged by years in practice without regard to firm size shows the average rate for attorneys practicing between 3-5 years to be $320/hr. *Id.* at page 25. As such, the rates requested by Plaintiff's attorneys are lower and, at minimum, commensurate with other consumer attorneys' billing rates, indexed by both region and years in practice, and therefore, should be determined by this Court to be reasonable.

        iii.     **The rates sought by K&M are reasonable as evidenced by the United States Attorney's Office and the "Laffey Matrix."**

The attorneys' fees rates requested by Plaintiff, as detailed in Plaintiff's Statement of Services, are commensurate with the prevailing rates for attorneys that practice federal law. As the case at bar was filed pursuant to a federal remedial statute, the FDCPA, rates charged by other attorneys practicing federal law may be compared to determine an appropriate rate. *See Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354, 371 (D.D.C.

1983). In *Laffey*, the court compared rates of attorneys practicing federal claims with fee-shifting provisions to reach a hybrid rate. *Id.* The Court's analysis in *Laffey* was taken one step further by the Civil Division for the United States Attorney's Office to reflect how rates have changed over the years due to inflation. In doing so, the United States Attorney's office created the "Laffey Matrix." As demonstrated by the "Laffey Matrix," the rates sought by Plaintiff's attorneys here are commensurate with recognized rates for attorneys with similar experience. The "Laffey Matrix," when coupled with the declarations presented by Plaintiff and detailed biographies of Plaintiff's attorneys at K&M, provides conclusive evidence that the rates sought by Plaintiff's attorneys are reasonable. The "Laffey Matrix" is incorporated into this Fee Petition in its entirety and can be found online at http://www.usdoj.gov/usao/dc/Divisions/Civil_Division/Laffey_Matrix_8.html:[4]

///

///

///

---

[4] This matrix of hourly rates for attorneys of varying experience levels and paralegals/law clerks has been prepared by the Civil Division of the United States Attorney's Office for the District of Columbia. The matrix is intended to be used in cases in which a "fee-shifting" statute permits the prevailing party to recover "reasonable" attorney's fees. *See, e.g.*, 42 U.S.C. § 2000e-5(k) (Title VII of the 1964 Civil Rights Act); 5 U.S.C. § 552(a)(4)(E) (Freedom of Information Act); 28 U.S.C. § 2412 (b) (Equal Access to Justice Act). The matrix does *not* apply in cases in which the hourly rate is limited by statute. *See* 28 U.S.C. § 2412(d).The column headed "Experience" refers to the years following the attorney's graduation from law school. The various "brackets" are intended to correspond to "junior associates" (1-3 years after law school graduation), "senior associates" (4-7 years), "experienced federal court litigators" (8-10 and 11-19 years), and "very experienced federal court litigators" (20 years or more). *See Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354 (D.D.C. 1983).

11



**Civil Division - LAFFEY MATRIX 2003-2010**
(2009-10 rates are unchanged from 2008-09 rates)
Years (Rate for June 1 - May 31, based on prior year's CPI-U)

| Experience | 04-05 | 05-06 | 06-07 | 07-08 | 08-09 | 09-10 |
|---|---|---|---|---|---|---|
| 20+ years | 390 | 405 | 425 | 440 | 465 | 465 |
| 11-19 years | 345 | 360 | 375 | 390 | 410 | 410 |
| 8-10 years | 280 | 290 | 305 | 315 | 330 | 330 |
| 4-7 years | 225 | 235 | 245 | 255 | 270 | 270 |
| 1-3 years | 185 | 195 | 205 | 215 | 225 | 225 |
| Paralegals & Law Clerks | 110 | 115 | 120 | 125 | 130 | 130 |

The Laffey Matrix clearly illustrates that the rates charged by K&M are commensurate with the rates that could have been charged according to United States Attorney's Office. Based on the "Laffey Matrix" and the other authority provided to this Honorable Court in Plaintiff's Memorandum of Points and Authorities, the hourly rates sought by Plaintiff's attorneys are reasonable.

### 8. IT IS DEFENDANT'S BURDEN TO ESTABLISH ANY REDUCTION IN ATTORNEYS' FEES.

It has generally been recognized in fee-shifting statutes that "a party advocating the reduction of the lodestar amount bears the burden of establishing that a reduction is justified." *United States Football League v. National Football League*, 887 F.2d 408, 413 (2d Cir. 1989), cert. denied, 493 U.S. 1071 (1990) (awarding $5,500,000 in fees on

$3 recovery) cited in *Grant v. Martinez*, 973 F.2d 96, 101 (2d Cir. 1992).[5] *See Laura B. Bartell, Taxation of Costs and Awards of Expenses in Federal Court*, 101 F.R.D. 553, 560-62 (1984). The burden of proof is on the opponent to present specific evidence that a lower amount is appropriate. *See, e.g., United States Football League v. National Football League*, 887 F.2d 408, 413 (2d Cir. 1989); *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (fee opponent must submit evidence); and *Brinker v. Giuffrida*, 798 F.2d 661, 668 (3d Cir. 1986) ("[T]here is ordinarily no reason for a court to disregard uncontested affidavits of a fee applicant"). Accordingly, unless Defendant is able to meet its burden, this Court should accept Plaintiff's lodestar and award the attorneys' fees and costs sought.

## IV.  PLAINTIFF WILL SUFFER GREAT PREJUDICE IF RELIEF IS DENIED

The fourth *Eitel* factor to consider is whether Plaintiff would suffer prejudice if this Honorable Court denied default judgment. Here, Plaintiff would be denied judicial resolution and would not have any other recourse against Defendant. *Cal. Sec. Cans*, 238 F. Supp. 2d at 1177. Additionally, Defendant would not have any incentive to correct its behavior, and therefore would continue to violate the law in an attempt to collect debts from consumers. Therefore, Plaintiff would undoubtedly suffer great prejudice if relief is denied.

## V.  THE POSSIBILITY OF DISPUTED MATERIAL FACTS IS SMALL

---

[5] The lodestar figure represents reasonable hours times reasonable rate. *Blanchard v. Bergeron*, 103 L.Ed. 2d 67, 76 (1989) *quoting Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 656 (1986).

The fifth *Eitel* factor focuses on the likelihood of disputed material facts in this case. However, "upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." *Cal. Sec. Cans*, 238 F. Supp. at 1177. Thus, because Deputy Clerk, Jeremy Wright entered an order defaulting Defendant on May 8, 2012, "no genuine dispute of material facts would preclude granting Plaintiff['s] [M]otion." *Id*.

## VI. DEFAULT LIKELY DID NOT RESULT FROM EXCUSABLE NEGLECT

It is highly unlikely that the default here was due to excusable neglect. On September 13, 2011, Plaintiff properly served Defendant with a complaint and summons. [Doc. 1-3]. Then, on May 4, 2012, Plaintiff properly filed a motion for entry of default. Finally, Deputy Clerk Jeremy Wright entered an order defaulting Defendant on May 8, 2012. Despite repeated notice, Defendant has failed to appear or defend this lawsuit. Therefore, the fourth *Eitel* factor weighs in favor of default judgment.

## VII. PUBLIC POLICY FAVORS DEFAULT JUDGMENT

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. But, "this preference, standing alone, is not dispositive." *Cal. Sec. Cans*, 238 F. Supp. 2d at 1177. Furthermore, "Defendant's failure to answer Plaintiff['s] Complaint makes a decision on the merits impractical if not impossible. Under FRCP 55(a), termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." *Id*. Despite continued opportunities, Defendant failed to respond to or defend this lawsuit, and therefore, this last *Eitel* factor favors this Honorable Court to enter default judgment against Defendant.

## VIII. CONCLUSION

In order for Plaintiff to obtain default judgment against Defendant, Plaintiff must not only satisfy the requirements of FRCP 55(a), but Plaintiff must also prove the substantive factors outlined in *Eitel* favor default judgment. Here, Plaintiff satisfied the requirements of FRCP 55(a), the factors outlined in *Eitel*, and the elements establishing attorneys' fees above and beyond Local Rule 55-3. Therefore, this Honorable Court should enter default judgment against Defendant in the amount of $6,880.00, itemized as follows: $1,000.00 in statutory damages to Plaintiff pursuant to the FDCPA, 15 U.S.C. 1692k(a)(2)A); $5,480.00 in attorneys' fees; and $400.00 in filing and service fees.

WHEREFORE, Plaintiff, WENDY HERBERTH, respectfully requests this Honorable Court to enter Default Judgment against Defendant, DELANOR KEMPER & ASSOCIATES, and to award Plaintiff $6,880.00.

Dated: June 12, 2012                    RESPECTFULLY SUBMITTED,

                                        By:  /s/ Shireen Hormozdi
                                             Shireen Hormozdi
                                             Krohn & Moss, Ltd
                                             10474 Santa Monica Blvd., Suite 401
                                             Los Angeles, CA 90025
                                             Phone:  (323) 988-2400 ext. 267
                                             Fax:    (866) 802-0021
                                             Attorney for Plaintiff
                                             FBN: 0882461

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2012, I electronically filed the foregoing Motion for Default Judgment, and all supporting documentation, by using the CM/ECF System. A copy of the forgoing was also served upon the following via First Class Mail and electronic mail

DELANOR KEMPER & ASSOCIATES
c/o Elizabeth Noellien
2221 Peachtree Rd., Suite 473
Atlanta, GA 30309
elizabeth.noellien@dkallc.com

Dated: June 12, 2012               /s/Shireen Hormozdi
                                   Shireen Hormozdi, Esq.
                                   Attorney for Plaintiff